## COMMONWEALTH *vs.* ALONZO GOODWIN.

On the trial of an indictment for burning a building, evidence of threats of revenge, uttered by the defendant from one to two years before the fire, against the owner of the building, are competent evidence.

The giving in evidence, against the defendant in a criminal case, of his statements at the time of his arrest, as tending to show that he then gave a false account of himself, and so warrant the inference of a consciousness of guilt which would seek protection in falsehood, does not entitle him to show that he had previously, on other occasions, given a different and true account of the same facts.

Upon the trial of a criminal charge, proof of which rests on circumstantial evidence, a refusal to instruct the jury that they " must be satisfied that the government has proved such a coincidence of circumstances as excludes every hypothesis except the guilt of the prisoner," is no ground of exception, if the jury are instructed " that the government is bound to prove the defendant guilty beyond all reasonable doubt and to a moral certainty."

INDICTMENT for burning the barn and stable of Israel Hildreth Trial in the court of common pleas in Middlesex at October term 1858, before *Aiken*, J., to whose rulings the defendant alleged exceptions, the substance of which is stated in the opinion.

*T. H. Sweetser*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

HOAR, J.    The defendant's counsel does not press the exception, that threats of revenge for an arrest and imprisonment of the defendant, for another offence, upon the complaint of Hildreth, about two years before the fire, uttered by the defendant within a period of from one to two years previously to the burning of the barn, were too remote.    The weight of the evidence might be diminished in proportion to the length of time which intervened, but its competency would not be affected.

The exception principally relied on is, that the prosecution having shown a false account given by the defendant to the officer who arrested him, as to where he was and what he did on the night of the fire, he was not allowed to show that he had previously given to many persons a different account, and one which agreed with the facts as testified to by the witnesses for the government.

The rule is well settled, that a defendant cannot give his own

declarations in evidence in his own favor; and that the government having put in evidence his declarations or admissions on one occasion will not entitle him to show what he has said on a different occasion. The defendant admits this to be the general rule, but contends that when the object with which his statements are offered in evidence by the government is to show that he gave a false account of himself, and thence to infer a guilty consciousness which would seek protection in falsehood, he ought to be allowed to repel this inference, by showing that he had previously stated the truth, and that the falsehood was therefore uttered from some other motive. But we do not think there is any such exception to the rule, and no authority has been adduced in support of it. It would not follow that the falsehood was not resorted to because he perceived that the truth would lead to his conviction, merely from the fact that at an earlier period he had freely admitted what he afterward denied. He was permitted to show all his acts, and to give in evidence his declarations, so far as they tended to show that he knew any fact, the knowledge of which, by him, was material; and beyond this we think this species of evidence cannot be admitted, without relaxing a rule which is founded on just principles.

The remaining exception is, that the judge declined to instruct the jury, that "if the proof of the case rests upon circumstantial evidence, then the jury must be satisfied that the government has proved such a coincidence of circumstances as excludes every hypothesis except the guilt of the prisoner; and unless they are satisfied that the proof of circumstances offered by the government does exclude every other hypothesis except the guilt of the prisoner, then they ought not to convict the defendant;" and instead thereof instructed the jury, "that the government was bound to prove the defendant guilty beyond all reasonable doubt, and to a moral certainty; and unless the evidence in the case satisfied them to that extent, they ought to acquit the defendant."

The instruction asked for was erroneous, because it required the judge to decide that the prisoner could not be convicted

upon circumstantial evidence, unless the circumstances were such as to exclude every hypothesis except that of his guilt. The true rule is, that the circumstances must be such as to produce a moral certainty of guilt, and to exclude any other reasonable hypothesis ; " that the circumstances, taken together should be of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty, that the accused, and no one else, committed the offence charged." *Commonwealth* v. *Webster*, 5 Cush. 319. This seems to have been the meaning and effect of the instructions which were given ; and although the judge who presided at the trial might perhaps have properly explained with greater fulness the limitations applicable to circumstantial evidence, his instructions were correct, so far as they went, and are not open to exception.

*Exceptions overruled.*